[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13970
Non-Argument Calendar
_____

D.C. Docket No. 0:97-cr-06007-FAM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO BURGOS-MARTINEZ,
a.k.a. Fernando,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 21, 2021)

Before MARTIN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Fernando Burgos-Martinez, a federal prisoner proceeding through counsel, appeals the district court's denial of his renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  No reversible error has been shown; we affirm.

In 1998, a jury convicted Burgos-Martinez of conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine, and conspiracy to commit money laundering.  Briefly stated, Burgos-Martinez's convictions stem from his involvement in a conspiracy to establish a cocaine transportation and distribution network through the Republic of Haiti: a network that facilitated the shipment of cocaine by Colombian drug lords into the United States.

Burgos-Martinez was sentenced to concurrent sentences of life imprisonment on all three counts.  Burgos-Martinez's sentence for money-laundering was later reduced to the statutory maximum of 20 years.  The sentencing court also later reduced -- from life imprisonment to 35 years -- Burgos-Martinez's sentences on the two drug-trafficking offenses pursuant to Amendment 782.

2

In May 2019, Burgos-Martinez moved pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018.[1]  In support of his motion, Burgos-Martinez said he was 78 years' old, "his health had begun to fail," he had served more than 59% of his sentence, and he posed no threat to the community.

On 4 October 2019, the district court denied Burgos-Martinez compassionate release.[2]  The district court concluded that Burgos-Martinez had failed to allege facts sufficient to show that his present health condition constituted an "extraordinary and compelling reason" warranting a reduced sentence.  The district court said Burgos-Martinez had not shown that he suffered from a terminal illness or other serious physical or mental condition, that he was unable to care for himself, or that he was not expected to recover.

In July 2020, Burgos-Martinez filed a counseled motion for compassionate release: a motion based on his age, health, and the COVID-19 pandemic.  Burgos-Martinez said that his age of 79 and his chronic medical conditions -- including chronic obstructive pulmonary disease (COPD), hypertension, hyperlipidemia,

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] The district court also determined that Burgos-Martinez was ineligible for home detention under 34 U.S.C. § 60541(g).

3

phlebitis, thrombophlebitis, irritable bowel disease, and diverticulitis -- put him at greater risk of serious complications if he were to contract COVID-19.

The government opposed Burgos-Martinez's motion. In its response brief, the government asserted that Burgos-Martinez failed to demonstrate an "extraordinary and compelling reason" -- as defined by the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 -- that would justify a reduced sentence. The government also agreed with the assessment by the Bureau of Prisons ("BOP") that Burgos-Martinez's medical conditions could be managed adequately in prison. In the alternative, the government also asserted that the sentencing factors in 18 U.S.C. § 3553(a) weighed against compassionate release.

On 18 August 2020, the district court denied Burgos-Martinez's motion for compassionate release "for the reasons stated in the government's response." The district court noted that it had already denied Burgos-Martinez's earlier motion for compassionate release: no extraordinary and compelling reasons warranted relief.

Burgos-Martinez then filed the renewed motion for compassionate release underlying this appeal. On 8 October 2020, the district court denied this motion "for the same reasons as stated in the Court's earlier orders denying release." The district court stated that Burgos-Martinez's medical conditions were not

4

sufficiently aggravating and said that Burgos-Martinez could be treated adequately in prison.

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. See United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

A district court has no inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015). Section 3582(c)(1)(A) governs the district court's authority to reduce a prisoner's sentence based on "compassionate release." Before passage of the First Step Act, section 3582(c)(1)(A) only authorized the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the BOP. See 18 U.S.C. § 3582(a)(1)(A) (effective 2 November 2002 to 20 December 2018). The First Step Act amended section 3582(c)(1)(A) to allow a district court also to reduce a prisoner's term of imprisonment upon motion of the defendant. See First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

In ruling on a motion for compassionate release under section 3582(c)(1)(A), the district court must consider (1) whether extraordinary and compelling reasons warrant a sentence reduction, (2) the applicable section 3553(a) factors, and (3) whether a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(1)(A).

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13.  See U.S.S.G. § 1B1.13.  The commentary to section 1B1.13 identifies circumstances -- including a prisoner's medical condition and age -- that might constitute extraordinary and compelling reasons.  Id. § 1B1.13 comment. (n.1).

Pertinent to this appeal, the commentary provides that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) has a substantially diminished ability to provide self-care in prison because of a serious physical or mental condition or because of age-related deterioration in physical or mental health.  Id. § 1B1.13 comment. (n.1(A)).  A prisoner's age may also constitute an extraordinary and compelling reason if the prisoner (1) is at least 65 years' old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served the lesser of 10 years or 75 percent of his term.  Id. § 1B1.13 comment. (n.1(B)).

6

In a "catchall" provision, the commentary also states that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed.  Id. § 1B1.13 comment. (n.1(D)) (emphasis added).

Burgos-Martinez's chief argument on appeal is that the district court erred in treating the policy statement in section 1B1.13 -- which references only motions filed by the BOP -- as limiting the court's authority to grant a defendant-filed motion for compassionate release.  Burgos-Martinez says the district court should use the policy statement's list of "extraordinary and compelling reasons" only as guidance.  Consistent with the First Step Act, Burgos-Martinez also asserts that the "catchall" provision in Application Note 1(D) should now be construed as extending to district court judges the same discretion given expressly to the BOP Director to identify other reasons justifying compassionate release.

Burgos-Martinez's arguments are foreclosed by our recent decision in United States v. Bryant, No. 19-14267, 2021 U.S. App. LEXIS 13663 (11th Cir. May 7, 2021).  In Bryant, we concluded (1) that "1B1.13 is still an applicable policy statement for a Section 3582(c)(1)(A) motion, no matter who files it"; and (2) that "Application Note 1(D) does not grant discretion to courts to develop

7

'other reasons' that might justify a reduction in a defendant's sentence." Id. at *3-5.

The district court abused no discretion in treating as binding the policy statement in section 1B1.13.  Nor did the district court abuse its discretion in determining that the medical conditions described in Burgos-Martinez's motion were not sufficiently severe to constitute an "extraordinary and compelling reason" within the meaning of section 1B1.13.  Burgos-Martinez has failed to show that he suffers from a terminal illness or from a serious medical condition that "substantially diminishes" his ability to provide self-care.  See U.S.S.G. § 1B1.13, comment. (n.1).

We affirm the district court's denial of Burgos-Martinez's motion for compassionate release.[3]

AFFIRMED.

---

[3] Because we affirm the district court's determination that Burgos-Martinez demonstrated no "extraordinary and compelling reason" justifying a reduced sentence, we need not address the government's alternate argument about the section 3553(a) factors.